IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TEDROS AFRHOM MESKEL,

    Petitioner,

v.

PATRICK GARTLAND,[1]

    Respondent.

CIVIL ACTION NO.: 5:17-cv-41

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tedros Afrhom Meskel ("Meskel"), who was previously in the physical custody of United States Immigration and Customs Enforcement ("ICE") at the Folkston ICE Processing Center in this District, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) After the Court ordered service, Respondent filed a Response arguing that the Court should dismiss the Petition. (Doc. 8.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** Meskel's Petition, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Meskel *in forma pauperis* status on appeal.

## BACKGROUND

Meskel, a native and citizen of Eritrea, applied for admission to the United States on April 29, 2016, at the Port Hidalgo, Texas, port of entry by claiming a fear of returning to his country. (Doc. 8-1, p. 1.) After referral for a credible fear interview, an Asylum Pre-Screening Officer with the United States Citizenship and Immigration Services referred Meskel's case to an

---

[1] Patrick Gartland is the Warden of the Folkston Processing Center and is the proper Respondent to this Petition. See Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004). Therefore, the Clerk of the Court is **DIRECTED** to amend the caption of this case to name Patrick Gartland as the proper Respondent.

Immigration Judge. (Id.) On August 31, 2016, the Immigration Judge ordered Meskel removed to Eritrea or in the alternative to France because there was a reason to believe that he had lawful immigration status in France. (Id. at p. 2) Meskel did not file an appeal, and the removal order became administratively final. (Id.)

However, Meskel has not yet been removed to Eritrea or France. On September 8, 2016, ICE mailed a request to the Embassy of Eritrea for issuance of travel documents, but Eritrea has yet to issue those documents. (Id.) On January 9, 2017, ICE received additional information that Meskel may have legal immigration status in France. (Id.) On April 26, 2017, ICE contacted the consulate of France in Miami, Florida to verify Meskel's status in France. At the time of the Response to the Show Cause Order, ICE was awaiting a response from the Consulate of France and from the Embassy of Eritrea. ICE Detention and Deportation Officer Haylean Berry avers that ICE will schedule Meskel's removal as soon as Eritrea or France issues his travel documents. (Id.)

ICE conducted reviews of Meskel's custody conditions on November 30, 2016 and February 24, 2017. (Id.) After those reviews, ICE found that Meskel's removal was likely in the reasonably foreseeable future, and thus, decided to continue Meskel's detention. (Id.)

Meskel filed this Section 2241 action April 24, 2017. (Doc. 1.) Therein, he requests that he be released from ICE custody while his removal proceedings are pending. The Court ordered the United States Marshal to serve the Respondent with a copy of the Petition and to respond to the Petition within twenty days of service. (Doc. 3.) The Marshal served Respondent on May 24, 2017, (doc. 4), and Respondent filed his Response, through counsel, on June 6, 2017, (doc. 8). Meskel filed additional pleadings after the response, as well as a Notice of Change of

Address on July 7, 2017, following his transfer to Broward Transition Center in Pompano Beach, Florida. (Doc. 11.)

## DISCUSSION

### I. Dismissal of Meskel's Section 2241 Petition

Under the Immigration and Nationality Act, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. §1231(a)(1)(A). During that period, the Attorney General must detain the alien. 8 U.S.C. §1231(a)(2). However, any continued detention under that statute must not be indefinite. In Zadvydas v. Davis, 533 U.S. 678 (2001), the United States Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. 533 U.S. at 701. Thus, once an order of removal becomes final, ICE should make every effort to remove the alien within a reasonable time. Id. The Supreme Court found that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id.

However, this does not entail that every alien detained longer than six months must be released. Id. Rather, to state a claim for habeas relief under Zadvydas, an alien must (1) demonstrate that he has been detained for more than six months after a final order of removal; and (2) "provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002). If a petitioner makes these showings, the burden shifts to the Government to respond with evidence to rebut that showing. Zadvydas, 533 U.S. at 701.

Meskel has satisfied the first prong of Akinwale (i.e., detention beyond the six-month removal period). His order of removal became administratively final on August 31, 2016. Thus, the six-month mark passed on March 1, 2017. Nevertheless, he has failed to satisfy the second

3

prong of Akinwale. He has not presented any evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Akinwale, 287 F.3d at 1052. Meskel has not argued, much less presented evidence, that any department of the United States has hindered his removal. Rather, in his Petition, he generally states that he would not be a threat to the community if he was released in the United States. (Doc. 1, p. 7.)

Any conclusory and generalized allegations regarding Eritrea or France's intentions and practices are insufficient to state a claim that there is no significant likelihood of his removal in the reasonably foreseeable future. Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002) (Egyptian petitioner's "bare allegations are insufficient to demonstrate a significant unlikelihood of his removal in the reasonably foreseeable future."). Meskel's wholly conclusory allegations lack any support in the record and do not require consideration by this Court, let alone entitle him to any relief. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (vague, conclusory allegations in a Section 2255 motion insufficient to state basis for relief); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (quoting Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (petitioner not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'")).

Equally unavailing is Meskel's argument in his Reply to Respondent's Response, (doc. 10), that the Court should presume that he will not be removed in the reasonably foreseeable future because he was not removed within 180 days of the removal order. Under this line of reasoning, the Court must grant relief any time a petitioner is held for longer than six months after a removal order. This would render the second prong of Akinwale meaningless and contradict the holding of Zadvydas. Furthermore, Meskel does not explain how the past lack of

4

progress in the issuance of his travel documents means that Eritrea will not produce the documents in the foreseeable future. See Fahim, 227 F. Supp. 2d at 1366 ("The lack of visible progress since the INS requested travel documents from the Egyptian government does not in and of itself meet [petitioner's] burden of showing that there is no significant likelihood of removal. '[I]t simply shows that the bureaucratic gears of the INS are slowly grinding away.' [Khan v. Fasano, 194 F. Supp. 2d 1134, 1137 (S.D. Cal. 2001).] In other words, the mere fact that the Egyptian government has taken its time in responding to the INS request for travel documents does not mean that it will not do so in the future."). While Meskel has shown bureaucratic delays in his removal proceedings, he has not demonstrated a significant unlikelihood of his removal in the reasonably foreseeable future.

Furthermore, even if the Court were to accept Meskel's speculation regarding Eritrea and France's inaction on his proceedings, Respondent has rebutted that showing. The Government has presented evidence that ICE is working with both the Eritrean Embassy and the Consulate of France to secure travel documents for Meskel. (Doc. 8-1, p. 2.) Additionally, Respondent has produced an affidavit from Officer Haylean Berry, an ICE Deportation Officer, who declares ICE will schedule Meskel's removal as soon as his travel documents are issued. (Id.) Moreover, it appears that Meskel's removal from the United States is imminent (if not already effectuated), as ICE has transferred him to the Broward Transition Center in Pompano Beach, Florida. (Doc. 11.)

Meskel has failed to present any facts indicating that ICE is incapable of executing his removal order and that his detention will be of an indefinite nature. However, circumstances could eventually change in Meskel's removal situation to the point that he could present a plausible claim for relief. Accordingly, the Court should **DISMISS** his Petition **WITHOUT**

**PREJUDICE**.  Akinwale, 287 F.3d at 1052 ("Because circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal without prejudicing [petitioner's] ability to file a new § 2241 petition in the future that may seek to state a claim upon which habeas relief can be granted.").

## II.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Meskel leave to appeal *in forma pauperis*. Though Meskel has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Meskel's Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** Meskel's Petition, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Meskel leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Meskel and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA